

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY P. MINOR,                                         Plaintiff,

v.                               Civil Action No. 3:09CV343

BOSTWICK LABORATORIES, INC.,                 Defendant.

## COMPLAINT

1. Plaintiff, Kathy P. Minor, former employee of Defendant Bostwick Laboratories, Inc. ("Bostwick") brings this action on behalf of herself and other employees of Defendant similarly situated, to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. § 216 (b) (the "FLSA" or "Act"). Plaintiff further alleges that, by terminating her employment, Defendant retaliated against her for having engaged in protected activity under the FLSA. Plaintiff seeks declaratory relief and damages to redress the deprivation of her rights.

## JURISDICTION

2. Jurisdiction of the action is conferred on this court by 29 U.S.C. § 216 (b) and by provisions of 28 U.S.C. § 1337. The jurisdiction of this Court is invoked to secure protection and redress for the deprivation of rights secured by the Fair Labor Standards Act requiring employers to pay overtime compensation to covered employees and further prohibiting employers from retaliating against employees for engaging in protected activity as defined by the FLSA.

## **PARTIES**

3.  Plaintiff, Kathy P. Minor ("Minor") is a citizen of the United States and a resident of Henrico County, Virginia.

4.  Defendant Bostwick Laboratories, Inc. ("Bostwick") is a Nevada corporation licensed to conduct business in the Commonwealth of Virginia, having its principal place of business in Henrico County.

5.  Plaintiff was employed by Bostwick at its facility located at 4355 Innslake Drive, Glen Allen, VA 23060, in the County of Henrico.

6.  At all times herein, Bostwick was engaged in the business of laboratory services in the Commonwealth of Virginia.

7.  At all times relevant hereto, Bostwick was an enterprise engaged in commerce or in the production of goods for commerce, i.e., 1) Bostwick has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and 2) Bostwick is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

8.  At all times herein, Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 7(a) of the Act. 29 U.S.C. § 207(a).

## FACTS

9.  Minor was employed by Bostwick as a Medical Technologist from December 24, 2007 until May 12, 2008.

10. During the course of Minor's employment, she met or exceeded her job requirements.

11. In fact, on April 30, 2008, just eight business days before she was terminated, Dawn Webber ("Webber"), Microbiology Supervisor, rated Minor's performance as satisfactory and in some instances rated her above average.

12. On May 6, 2008, Minor and other members of her department, met with Bill Miller, COO, to discuss their concerns related to Webber's conduct and management, Specifically, Minor informed Miller that Webber had, on behalf of Bostwick, had willfully violated the Fair Labor Standards Act.

13. She informed Miller that, in violation of the Act, Webber had routinely altered employees' time sheets, i.e., she changed the time sheet to reflect that Minor and others had not worked overtime when they in fact had.

14. At the conclusion of the meeting, Miller informed the group that he would complete an investigation and report back to them.

15. On Monday, May 12, 2008, after she had worked her scheduled weekend, Miller and Lori Esposito, Human Resources, informed Minor that her employment with Bostwick was being terminated immediately because "there is too much conflict with your supervisors and the relationship just isn't working."

16. In fact, Minor had never had any conflict with her supervisors.

17. She had never been reprimanded or written up.

18. She had successfully completed her probation as a new hire less than two months before.

19. When Minor questioned why she was being terminated, Miller and Esposito informed her that they had spoken with her co-workers and had determined that she was the "problem."

20. These statements were false, in that no such conversations had taken place.

21. Miller did not meet with a single one of Minor's coworkers until the week of June 2, 2008---a full three weeks after Minor's termination.

22. Minor also asked Miller and Esposito if her termination had anything to do with her Fair Labor Standards Act complaint.

23. Miller told Minor that this "problem" had been corrected by "the letting go of the CLO (i.e., "Chief Lab Officer").

24. In fact, contrary to Bostwick's assertion, alteration of employee time records continued after the CLO's departure in March, 2008.

25. In performing the operations described, Plaintiff and others similarly situated were engaged in commerce or in the production of goods for commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

26. Defendant employed Plaintiff and others similarly situated in commerce for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff and others similarly situated for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

27. As a direct and proximate cause of Defendant's actions, complained of herein, pursuant to 29 U.S.C. § 216 (b), Plaintiff and other employees similarly situated are entitled to lost wages at the rate of time and one-half, an additional equal amount as liquidated damages, and attorney's fees and costs.

28. Defendant's violation of the Fair Labor Standards Act of 1938 as aforesaid was willful.

29. Defendant, Bostwick Laboratories, Inc., terminated Minor's employment in retaliation for having engaged in protected activity as defined by the Fair Labor Standards Act, 29 U.S.C. § 215 (a)(3).

30. As a direct and proximate cause of the Defendant's actions, complained of herein, Plaintiff has suffered lost employment opportunities, lost professional advancement, pain and suffering, humiliation, expenses related to her emotional suffering, and such damages will continue into the future.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

31. Plaintiff realleges paragraphs 1-30 and adopts them as if fully set forth herein.

32. Defendant employed Plaintiff and others similarly situated in commerce failed and refused to compensate Plaintiff and others similarly situated for work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

33. As a direct and proximate cause of Defendant's actions, complained of herein, Plaintiff has suffered lost wages, and such damages will continue into the future.

34. Defendant's violation of the Fair Labor Standards Act as aforesaid was willful.

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT--RETALIATION

35. Plaintiff realleges paragraphs 1-30 and adopts them as if fully set forth herein.

36. Defendant, Bostwick Laboratories, Inc. terminated Minor's employment in retaliation for having engaged in protected activity as defined by the Fair Labor Standards Act, 29 U.S.C. § 215 (a)(3).

WHEREFORE, the Plaintiff and others similarly situated demand judgment against the Defendant, Bostwick Laboratories, Inc., as follows:

(a)     Overtime compensation at the rate of one and one-half times the regular rate at which Plaintiff and others were employed;

(b)     Liquidated damages;

(c)     Damages, including back pay and benefits, in the amount to be proven at trial;

(d)     Punitive damages in the amount of $350,000;

(e)     The cost of this suit, including reasonable attorney's fees;

(f)     Such other relief as is just and proper;

(g)     Plaintiff demands trial by jury.

Respectfully submitted,

KATHY P. MINOR

By Counsel

Carolyn P. Carpenter, VSB #22982
CAROLYN P. CARPENTER
P. O. Box 25601
Richmond, Virginia 23260
(804) 233-8088
Facsimile (804)233-8099