## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

KATHY P. MINOR,         )
                               )
     Plaintiff,           )
                               )     Civil Action No. 3:09CV343–HEH
v.                         )
                               )
BOSTWICK LABORATORIES, INC.,  )
                               )
     Defendant.         )

### MEMORANDUM OPINION
#### (Granting Defendant's Rule 12(b)(6) Motion for Partial Dismissal)

This action alleges two violations of the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. § 201, *et seq*. The case is presently before the Court on Defendant's

Motion for Partial Dismissal (Dkt. 5) pursuant to Federal Rule of Civil Procedure

12(b)(6). The parties have filed memoranda of law and exhibits in support of their

respective positions. The Court will dispense with oral argument because the facts and

legal contentions are adequately presented in the materials presently before the Court and

argument would not aid in the decisional process.

Resolution of Defendant's Motion requires this Court to decide a single legal

issue: does an employee's informal, intra-company complaint regarding possible FLSA

violations by her employer qualify as a protected activity under the "complaint clause" of

29 U.S.C. § 215(a)(3), the FLSA's anti-retaliation provision? Because this Court agrees

with the weight of authority in the Fourth Circuit that it does not, Defendant's Motion for

Partial Dismissal will be granted and Count II of Plaintiff's Complaint will be dismissed.

## I.

Plaintiff Kathy Minor joined Defendant Bostwick Laboratories, Inc. ("Bostwick") as a "Medical Technologist" just before Christmas of 2007.[1]   While employed at Bostwick, Minor reported directly to the company's Microbiology Supervisor, Dawn Webber.  Initially, at least, the employment relationship between Minor and her superiors at Bostwick seems to have been a harmonious one: Minor alleges that she consistently received "satisfactory" or "above average" performance evaluations from Webber through at least late April of 2008.

Unfortunately, the amicable relationship between Minor and Bostwick turned sour in May of 2008, when Minor allegedly discovered that Webber was routinely altering Bostwick employees' time sheets by deleting their overtime hours.  Though she was understandably concerned by Webber's alleged misconduct, Minor does not allege that she filed a formal, written complaint with either Bostwick or any government employment agency.  Rather, Minor avers that she and other employees met with Bostwick's Chief Operating Officer, Bill Miller, on May 6, 2008 and verbally complained to Miller that Webber may have willfully violated the FLSA.  Miller apparently took no immediate action on Minor's complaint, promising instead to investigate the matter and inform Bostwick's employees of his findings at a later date.

---

[1]Because resolution of a motion to dismiss pursuant to Rule 12(b)(6) requires a court to construe all facts in the light most favorable to the plaintiff, all facts are taken directly from Plaintiff's Complaint and are assumed to be true for the purpose of deciding Defendant's Motion for Partial Dismissal. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

If her complaint did, in fact, prompt an internal inquiry by Miller, Minor was not around to learn the investigation's results.  On May 12, 2008, just six days after allegedly complaining to Miller about Webber's supposed misconduct, Minor asserts that she was terminated following a meeting with Lori Esposito, a representative of Bostwick's human resources department.  Pressed to explain Minor's termination, Esposito allegedly told Minor: "there is too much conflict with your supervisors and the relationship just isn't working."  Compl. ¶ 15.  Both Miller and Esposito also allegedly told Minor that she was being terminated because her co-workers considered her a "problem".  *Id.* ¶ 19.  These explanations, Minor now contends, were merely a pretext for terminating her in retaliation for her complaints to Miller at the May 6 meeting regarding Bostwick's potential FLSA violations.

Minor subsequently brought this action, which alleges two separate violations of the FLSA by Defendant Bostwick.  In Count I, which is not at issue in this Motion, Minor charges that Bostwick violated 29 U.S.C. § 207(a) by failing to compensate Minor and other Bostwick employees adequately for their work in excess of forty hours per week.  In Count II, Minor further charges that Bostwick violated 29 U.S.C. § 215(a)(3), the FLSA's anti-retaliation provision, by terminating her because she engaged in protected activity under the FLSA—specifically, complaining to Miller about Webber's alleged manipulation of employee time sheets.  Contending that informal, intra-company complaints such as the one allegedly made by Minor at the May 6 meeting are not

protected under the FLSA's complaint clause, Defendant Bostwick now seeks dismissal of Count II pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the sufficiency of a complaint". *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). It does not, however, "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* When considering a motion to dismiss under Rule 12(b)(6), the Court thus "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4

Mindful of the applicable legal standard, the Court now considers whether Plaintiff's allegation in Count II that she was dismissed in retaliation for making an informal, verbal, intra-company complaint regarding potential FLSA violations by Bostwick states a claim for relief under 29 U.S.C. § 215(a)(3).

### III.

### A.

Enacted primarily to protect employees in the workplace, the FLSA imposes basic labor standards on covered employers such as Defendant Bostwick. *See* 29 U.S.C. §§ 202, 206, 207; *see also Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960). Among other things, the FLSA requires covered employers to pay certain employees overtime wages at a rate of "not less than one and one-half times" their regular hourly wage for all hours worked in excess of forty during a particular workweek. 29 U.S.C. § 207(a)(1). It is this overtime provision that Minor contends Bostwick violated in Count I when Webber allegedly manipulated employees' time sheets. *See* Compl. ¶ 32.

To enforce the FLSA's myriad workplace protections, Congress chose to rely primarily on "information and complaints received from employees seeking to vindicate rights claimed to have been denied" under the FLSA. *Mitchell*, 361 U.S. at 292. Absent detailed "federal supervision or inspection of [employers'] payrolls", adequate enforcement of the FLSA's workplace protections "could thus only be expected if employees felt free to approach officials with their grievances." *Id.* Accordingly, Congress included an anti-retaliation provision in the FLSA to shield employees who

engage in certain protected activities under the FLSA. *See* 29 U.S.C. § 215(a)(3);

*Mitchell*, 361 U.S. at 292.

> The FLSA's anti-retaliation provision provides, in pertinent part:
>
> ... it shall be unlawful for any [employer] ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding ....

29 U.S.C. § 215(a)(3). The Fourth Circuit has noted that the FLSA's general anti-relation

provision is in turn comprised of several discrete clauses. *See Ball v. Memphis Bar-B-Q*

*Company, Inc.*, 228 F.3d 360, 362–63 (4th Cir. 2000). These include the "complaint

clause", which proscribes discharge of an employee who "has filed any complaint or

instituted ... any proceeding " related to the FLSA, as well as the "testimony clause",

which forbids dismissal of an employee who "has testified or is about to testify in any ...

proceeding" under or related to the FLSA.[2] 29 U.S.C. § 215(a)(3); *Ball*, 228 F.3d at 363;

*see also O'Neill v. Allendale Mut. Ins. Co.*, 956 F. Supp. 661, 663 (E.D.Va. 1997)

(recognizing and discussing differences among the three clauses of the FLSA's anti-

retaliation provision).

## B.

Relying principally on the Fourth Circuit's opinion in *Ball v. Memphis Bar-B-Q*

---

[2]In *Ball*, the Fourth Circuit explained that the protections of § 215(a)(3)'s testimony clause do not extend to the type of informal, internal complaint allegedly made by Minor in this case. 228 F.3d at 364. Accordingly, the Court assumes that Minor relies here on the complaint clause of § 215(a)(3) instead.

*Company* and a subsequent, unpublished Fourth Circuit decision, Defendant Bostwick

now seeks dismissal of Count II, arguing that "internal complaints"—such as the one

Minor alleges that she made to Miller on May 6—"cannot support a cause of action for

retaliation under the FLSA." Def. Br. at 2.

1.

In *Ball*, the Fourth Circuit considered whether a plaintiff's "allegation . . . that he

was terminated because he stated that he would be unable to testify in a manner suggested

by [his employer] in a yet-to-be-filed [FLSA] lawsuit . . . states a claim under the anti-

retaliation provision of the FLSA." *Ball*, 228 F.3d at 363. Concluding that it did not, the

Fourth Circuit in *Ball* broadly remarked that the FLSA was not intended to "proscribe

retaliatory employment actions . . . in the context of a complaint made by an employee to

a supervisor about a violation of the FLSA"—almost the exact factual scenario alleged by

Minor in the present case. *Ball*, 228 F.3d at 364. A cursory reading of *Ball* thus suggests

that the case is both fatal to Count II and dispositive of Defendant's Motion for Partial

Dismissal.

A closer reading of *Ball*, however, reveals that the case may not reach as far as

Defendant claims. In the present case, Minor alleges that Defendant Bostwick violated

the complaint clause of the FLSA's anti-retaliation provision when it terminated her on

May 12, 2008. In *Ball*, however, the Fourth Circuit expressly noted that it was

considering the scope of the *testimony clause* of the FLSA's anti-retaliation provision, not

the complaint clause. *Id.* at 363 n*, 364. In its conclusion, the court in *Ball* explained:

7

"we would not be faithful to the language of the *testimony clause* of the FLSA's anti-retaliation provision if we were to expand its applicability to intra-company complaints . . . ." *Id.* at 364. (emphasis added).  Accordingly, it is not entirely clear that *Ball*'s construction of the testimony clause of the FLSA's anti-retaliation provision wholly forecloses the relief that Plaintiff seeks under § 215(a)(3)'s complaint clause. *See id.* at 363 n* (recognizing that the court was construing only the language of the testimony clause); *Boeteng v. Terminex Intern. Co. Ltd.*, No.07-617, 2007 WL 2572403, at *2 (E.D. Va. Sept. 4, 2007) (noting that *Ball* interpreted only the testimony clause—and not the complaint clause—of § 215(a)(3)); *King v. Virginia Polytechnic Institute & State University*, No. 7:08cv579, 2009 WL 132169, at *3 (W.D. Va. May 12, 2009) (same).

2.

Though *Ball* addressed only the scope of protection provided by the testimony clause of § 215(a)(3), the Fourth Circuit did remark that it previously had construed the scope of "similar complaint clause language" in the context of the Federal Railroad Safety Act ("FRSA"), 45 U.S.C. §§ 421–441 (repealed in 1994), "to include intra-corporate complaints." *Ball*, 228 F.3d at 363 n*.[3]  In *Rayner v. Smirl*, 873 F.2d 60 (4th Cir. 1989), the Fourth Circuit did, in fact, consider language in the anti-retaliation provisions of the FRSA that was almost identical to § 215(a)(3)'s complaint clause. *See* 45 U.S.C. § 441(a) (repealed in 1994).  After considering the specific purposes

---

[3]At least one district court has summarily dismissed this footnote in *Ball*— and its reference to the FRSA— as mere dicta. *See King*, 2009 WL 132169, at *3.

underlying the enactment of the FRSA, the Fourth Circuit dismissed the distinction between "intra-corporate complaints and those made to outside agencies" as "artificial" and concluded that the FRSA's anti-retaliation protection extended to employees who make both types of complaints. *Rayner*, 873 F.2d at 64.

Seizing on *Ball*'s reference to *Rayner*'s construction of the FRSA's anti-retaliation provisions, Minor urges this Court to conclude that the complaint clause of § 215(a)(3) protects both informal, intra-company complaints and formal, extra-company complaints. A number of Virginia district courts, however, have rejected this exact argument, concluding that the rationale underlying the *Rayner's* interpretation of the FRSA's anti-retaliation language "[was] railroad and safety legislation-specific and therefore . . . not persuasive in the FLSA context." *Boeteng*, 2007 WL 2572403, at *2; *accord King*, 2009 WL 132169, at *3; *Bell-Holcombe v. KI, LLC*, 582 F.Supp.2d 761, 764 (E.D.Va. 2008). A review of *Rayner* reveals that the Fourth Circuit's interpretation of the relevant anti-retaliation language in that case was indeed driven principally by the legislative history that preceded enactment of the FRSA. *See Rayner*, 873 F.2d at 64. Accordingly, the Court agrees with the other district courts that have considered the issue that *Rayner*'s interpretation of § 441(a) of the FRSA does not extend to § 215(a)(3) of the FLSA.

3.

Citing an unpublished decision from the Fourth Circuit, *Whitten v. City of Easley*, 62 Fed.Appx. 477 (4th Cir. 2003) (unpublished), Defendant Bostwick next urges this Court to apply *Ball*'s interpretation of the testimony clause to the complaint clause as

well. *Whitten* required the court to consider whether the complaint clause protected a city

firefighter who had complained to his superiors that the fire department's failure to pay

firefighters for their "on call" time violated the FLSA. *Id.* at 480. Citing only *Ball* and

providing no further explication or analysis, the *Whitten* court concluded in a short,

unpublished, per curiam opinion that it did not. *Id.* Without acknowledging that *Ball*

addressed a different clause of the FLSA's anti-retaliation provision, the court in *Whitten*

merely stated: "this Court has expressly held that the FLSA's anti-retaliation provision

does not extend to internal complaints." *Id.* (citing *Ball*, 228 F.3d at 364).

Though *Whitten* seemingly extended *Ball*'s holding to the complaint clause of the

FLSA's anti-retaliation provision, unpublished decisions of the Fourth Circuit are

ordinarily not accorded precedential value. *Collins v. Pond Creek Mining Co.*, 468 F.3d

213, 219 (4th Cir. 2006). Rather, such opinions are "entitled only to the weight they

generate by the persuasiveness of their reasoning." *Id.* (quoting *Hupman v. Cook*, 640

F.2d 497, 501 (4th Cir.1981)) (internal quotation marks omitted). The Fourth Circuit's

unpublished opinion in *Whitten* apparently did not recognize that *Ball* construed a

separate clause of the FLSA's anti-retaliation provision, much less provide a persuasive

rationale—indeed, *any* rationale whatsoever—for extending *Ball*'s construction of the

testimony clause to the complaint clause. Absent clearer guidance from the Fourth

Circuit, this Court is unpersuaded that *Whitten*, without more, "unambiguously and firmly

establishe[s]" that the FLSA's complaint clause does not protect against retaliation for the

making of informal, intra-company complaints. Def. Br. at 4.

## C.

Even if *Ball* and *Whitten* do not themselves conclusively establish that the complaint clause offers no protection to employees who make intra-company complaints, the plain language of the clause itself strongly suggests that such protection is unavailable under the FLSA. *See Ball*, 228 F.3d at 364 (examining language of testimony clause and concluding that "the statutory language [of § 215(a)(3)] clearly places limits on the range of retaliation proscribed by the [FLSA]."); *O'Neill*, 956 F. Supp. at 664 (focusing on the precise language of complaint clause to determine limits of clause's protections); *Meredith-Clinevell v. Dept. of Juvenile Justice ex rel. Virginia*, 344 F. Supp. 2d 951, 955 (W.D.Va. 2004) (reviewing the plain language of § 215(a)(3) and concluding that FLSA does not protect employees who have merely made intra-company complaints). The starting point for discerning congressional intent in a particular statute is, of course, the plain meaning of the statute's text. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Indeed, when the language of a statute is sufficiently clear, this Court is bound to enforce the statute according to the plain meaning of its terms. *DIRECTV, Inc. v. Nicholas*, 403 F.3d 223, 225 (4th Cir. 2005) (citing *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004)).

The plain language of the complaint clause forbids an employer from retaliating against an employee who has "*filed* any complaint or *instituted . . .* any *proceeding*" related to the FLSA. 29 U.S.C. § 215(a)(3) (emphasis added). "Filing" a complaint seems to require that an employee seeking protection under the complaint clause take

some formal, prescribed action to invoke the clause's protection. *See Bell-Holcombe*, 582

F. Supp. 2d at 764. Minor's Complaint, however, contains no allegation that she formally

filed anything or followed any previously established grievance procedures in the present

case. Rather, Minor contends that she simply voiced her concerns regarding Webber's

conduct to Miller at the May 6 meeting. Compl. ¶¶ 12–13. Such an informal, internal,

verbal accusation cannot possibly be construed as the *filing* of a complaint under the plain

language § 215(a)(3).

The complaint clause's requirement that an employee "institute" a "proceeding" to

receive protection likewise seems to require that an employee's complaint result in or

relate to "some formal, official procedure" or investigation. *Bell-Holcombe*, 582 F. Supp.

2d at 764. Interpreting the same terms in the context of the testimony clause of §

215(a)(3), the Fourth Circuit in *Ball* explained that "the 'proceeding' necessary for

liability under the FLSA refers to procedures conducted in judicial or administrative

tribunals" and that the term "'instituted' connotes a formality that does not attend an

employee's oral complaint to his supervisor." *Ball*, 228 F.3d at 364; *see also Boeteng*,

2007 WL 2572403, at *2 (noting that *Ball* interpreted the testimony clause—and not the

complaint clause—but finding "no reason to interpret the word 'proceeding' two different

ways in the same subsection of the statute."). In the present case, however, Minor alleges

only that Miller responded to her informal, verbal complaint at the May 6 meeting by

promising to conduct an internal investigation of Webber's alleged conduct. Compl. ¶ 14.

Minor's Complaint thus falls far short of alleging that her grievance "instituted" the type

of formal, official "proceeding" required to invoke the anti-retaliation protection provided by the plain language of § 215(a)(3)'s complaint clause.

### D.

Further support for the Court's conclusion that the complaint clause does not protect an employee against retaliation for informal, intra-company complaints such as Minor's is found by comparing the circumscribed language employed in § 215(a)(3) with Title VII's considerably broader anti-retaliation provision. *See Ball*, 228 F.3d at 354 (comparing language of FLSA's testimony clause with anti-retaliation provisions of Title VII to determine scope of testimony clause's protections); *see also O'Neill*, 956 F. Supp. at 664. Much like § 215(a)(3), Title VII's anti-retaliation provision proscribes retaliation against an employee who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 29 U.S.C. § 2000e–3(a). In drafting Title VII, however, Congress also chose to include an expansive "opposition clause" which prohibits an employer from retaliating against an employee who has merely "opposed" an employment practice made unlawful under Title VII. *Id*; *see also O'Neill*, 956 F. Supp. at 664.

Title VII's opposition clause has been interpreted expansively to preclude retaliation against employees who have merely made informal, internal complaints to their employers. *See, e.g., Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981). Though Congress could have included a similarly open-ended opposition clause in the FLSA's anti-retaliation provision, it apparently chose not to do so. Examination of

Title VII's broad anti-retaliation protection thus suggests that Congress intended much narrower coverage for both the complaint and testimony clauses of § 215(a)(3).[4] *O'Neill*, 956 F. Supp. at 664; *Bell-Holcombe*, 582 F. Supp. 2d at 764; *see also Ball*, 228 F.3d at 364 (construing testimony clause of 215(a)(3)).

## IV.

Analysis of the plain language of the complaint clause of the FLSA's anti-retaliation provision indicates that the statute provides no remedy for the retaliatory discharge of employees who make only informal, verbal complaints to their supervisors. In so holding, this Court does not "condone such conduct." *Ball*, 228 F.3d at 365. Rather, this Court merely recognizes that the text of § 215(a)(3) sets forth the "complete universe of protected activity" under the FLSA. *O'Neill*, 956 F. Supp. at 664. While that "universe" seemingly includes the filing of a formal complaint with a governmental or administrative agency or the commencement of an official investigation or adjudicative proceeding, it plainly does not extend to informal, verbal, intra-company complaints made by an employee to her supervisors. Minor's allegation that she was discharged because she made verbal complaints regarding potential FLSA violations to the chief operating officer of her company at an informal employee meeting therefore fails to state an actionable claim under § 215(a)(3) of the FLSA. Accordingly, Defendant's Motion for

---

[4]This interpretation of Congress's intent has been accepted throughout the Fourth Circuit. *See, e.g., Ball*, 228 F.3d at 364 (comparing Title VII and testimony clause of § 215(a)(3) and concluding that "the cause of action for retaliation under the FLSA is much more circumscribed."); *see also O'Neill*, 956 F. Supp. at 664; *Bell-Holcombe*, 582 F. Supp. 2d at 764.

Partial Dismissal will be granted and Count II of Minor's Complaint will be dismissed.


                                                    _____/s/_____
                                                    Henry E. Hudson
                                                    United States District Judge


ENTERED this _10th_ day of _August_, 2009.
Richmond, Virginia.